[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11604

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LORENZO GAROD PIERRE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20321-JEM-1

_____

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before NEWSOM, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

We previously affirmed Lorenzo Pierre's conviction for being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), rejecting his argument that § 922(g)(1) was unconstitutional as applied to his case in light of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). *United States v. Pierre*, No. 23-11604, 2024 WL 1070655 ("*Pierre I*"), at *1 (11th Cir. Mar. 12, 2024) (unpublished), *vacated*, 145 S. Ct. 412 (2024) (mem.) ("*Pierre II*"). In doing so, we concluded that Pierre's argument was foreclosed by *United States v. Dubois*, 94 F.4th 1284 (11th Cir. 2024) ("*Dubois I*"), *vacated*, 145 S. Ct. 1041 (2025), which held that our prior precedent in *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010) (upholding the constitutionality of § 922(g)(1) in all circumstances) "remain[ed] good law." *Pierre I*, 2024 WL 1070655, at *1.

In October 2024, the Supreme Court granted Pierre's petition for a writ of *certiorari*, vacated our judgment, and remanded the case for further consideration in light of *United States v. Rahimi*, 602 U.S. 680 (2024). *Pierre II*, 145 S. Ct. at 412. On remand, we reached the same conclusion as we had previously reached, *United States v. Pierre*, 2024 WL 5055533, at *1–4 (11th Cir. Dec. 10, 2024) (unpublished) ("*Pierre III*"), *vacated*, 2025 WL 415200 (11th Cir. Feb. 3, 2025) (unpublished order) ("*Pierre IV*"), but we vacated our decision after the Supreme Court remanded *Dubois I* for further

proceedings, *Pierre IV*, 2025 WL 415200, at *1; *see also Dubois*, 145 S. Ct. at 1041.  In June 2025, this Court issued an opinion on remand in *Dubois*, again concluding that *Rozier* remains binding, and reinstating *Dubois I*.  *United States v. Dubois*, __F.4th __, 2025 WL 1553843, at *1, *5–6 (11th Cir. 2025) ("*Dubois II*").  In light of these developments, and, after careful consideration of the parties' supplemental briefs, we again affirm Pierre's conviction.

In *Rozier*, a defendant challenged his conviction under § 922(g)(1) as unconstitutional under *District of Columbia v. Heller*, 554 U.S. 570 (2008).  598 F.3d at 770–71.  We rejected Rozier's challenge, explaining that the "language [of *Heller*] suggest[ed] that statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment."  *Id.* at 771 (citing *Heller*, 554 U.S. at 626-27).  We explained:

> [S]tatutory restrictions of firearm possession, such as § 922(g)(1), are a constitutional avenue to restrict the Second Amendment right of certain classes of people.  Rozier, by virtue of his felony conviction, falls within such a class.  Therefore, the fact that Rozier may have possessed the handgun for purposes of self-defense (in his home), is irrelevant.

*Id.*[1]

---

[1] Both before and after *Bruen*, we applied *Rozier* to reject Second Amendment challenges, interpreting it as foreclosing as-applied challenges to the constitutionality of § 922(g)(1).  *See, e.g.*, *United States v. Cropper*, 812 F. App'x 927, 931 (11th Cir. 2020) (unpublished) ("As Cropper acknowledges, we have held that

In *Bruen*, the Supreme Court addressed a challenge to New York's gun-licensing regime. 597 U.S. at 10–12. New York's statutory scheme prohibited citizens from obtaining a license to carry firearms outside their home unless they proved "a special need for self-defense." *Id.* at 11. "The [Supreme] Court ruled [New York's statutory] scheme unconstitutional because 'the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home.'" *Dubois I*, 94 F.4th at 1292 (quoting *Bruen*, 597 U.S. at 10). *Bruen* also rejected the second step of "a two-step test that then prevailed in most circuits" for analyzing Second Amendment challenges. *Id.* (citing *Bruen*, 597 U.S. at 15–25).[2] Instead, the Supreme Court explained, the proper standard for assessing a challenged firearm regulation is:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively

---

statutes prohibiting felons from possessing firearms do not violate the Second Amendment." (citing *Rozier*, 598 F.3d at 770)) (before *Bruen*); *United States v. Jimenez-Shilon*, 34 F.4th 1042, 1044 (11th Cir. 2022) (citing *Rozier* for the proposition that "certain groups of people . . . may be 'disqualified from' possessing arms without violating the Second Amendment" (quoting *Heller*, 554 U.S. at 635)) (before *Bruen*); *United States v. Diaz*, No. 21-11625, 2023 WL 8446458, at *2 (11th Cir. 2023) (unpublished) ("Statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." (quoting *Rozier*, 598 F.3d at 771) (alteration adopted)) (after *Bruen*); *United States v. Hyde*, No. 22-10332, 2024 WL 726909, at *3 (11th Cir.) (unpublished) (similar), *cert. denied*, 145 S. Ct. 206 (2024) (after *Bruen*).

[2] We had "never actually applied the second, means-end-scrutiny step" of this now-overruled two-step test. *Dubois I*, 94 F.4th at 1292 (citing *Jimenez-Shilon*, 34 F.4th at 1052–53 (Newsom, J., concurring)).

protects that conduct.  The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation.  Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

*Bruen*, 597 U.S. at 24 (quoting *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50 n.10 (1961)).

After *Bruen*, we rejected a defendant's facial and as-applied challenges to the constitutionality of § 922(g)(1) in *Dubois I*, a case where the defendant argued that *Bruen* abrogated *Rozier*.  94 F.4th at 1291-93.  After summarizing *Heller*, *Bruen*, and *Rozier*, we explained that the Supreme Court's opinion in *Bruen* "left no doubt that it viewed its decision as a faithful application of *Heller*, not a departure from it."  *Id.* at 1292.  We also noted that "*Bruen*, like *Heller*, [had] repeatedly described the [Second Amendment] right as extending only to 'law-abiding, responsible citizens.'"  *Id.* (quoting *Bruen*, 597 U.S. at 26).  We then explained:

> *Bruen* did not abrogate *Rozier*.  Because the Supreme Court made it clear in *Heller* that its holding did not cast doubt on felon-in-possession prohibitions, and because the Court made it clear in *Bruen* that its holding was in keeping with *Heller*, *Bruen* could not have clearly abrogated [*Rozier*].  Indeed, the *Bruen* majority did not mention felons or section 922(g)(1).  Dubois argues that we may depart from *Rozier* because *Bruen* abrogated all prior precedent relying on the two-step analysis.  But *Rozier* upheld section 922(g)(1) on the

6                         Opinion of the Court                    23-11604

threshold ground that felons are categorically disqual-
ified from exercising their Second Amendment right
under *Heller*.  We interpreted *Heller* as limiting the
right to law-abiding and qualified individuals and as
clearly excluding felons from those categories by re-
ferring to felon-in-possession bans as presumptively
lawful.  And far from demolishing or eviscerating
*Rozier*'s reliance on *Heller*, *Bruen* repeatedly stated that
its decision was faithful to *Heller*.  We require clearer
instruction from the Supreme Court before we may
reconsider the constitutionality of section 922(g)(1).
Because *Rozier* binds us, Dubois's challenge based on
the Second Amendment necessarily fails.

*Id.* at 1293 (alterations adopted, internal citations and quotation
marks omitted).[3]

In *Rahimi*, decided after *Dubois I* and Pierre's initial appeal,
the Supreme Court held that § 922(g)(8)—which prohibits firearm
possession by individuals subject to a domestic violence restraining
order—was constitutional because the provision comported with
the principles underlying the Second Amendment.  602 U.S. at 692–
700.  In reaching that conclusion, the Supreme Court explained that
"some courts [had] misunderstood the methodology" of its "recent
Second Amendment cases."  *Id.* at 691.  It clarified that *Bruen* does

---

[3]As explained above, shortly after we decided *Dubois I*, we decided Pierre's in-
itial appeal, concluding that his as-applied challenge to the constitutionality of
§ 922(g)(1) was foreclosed because we had determined, in *Dubois I*, that *Rozier*
was still binding precedent.  *Pierre I*, 2024 WL 1070655, at *1.

not require a regulation to have existed at the founding in an identical form: instead, "[t]he law must comport with the principles underlying the Second Amendment, but it need not be a 'dead ringer' or a 'historical twin.'" *Id*. at 692 (quoting *Bruen*, 597 U.S. at 30). The Supreme Court also reiterated that prohibitions on felons' possession of firearms are "presumptively lawful." *Id*. at 699 (quoting *Heller*, 554 U.S. at 626–27). It added that, in *Heller*, it had "recognized that the right [secured by the Second Amendment] was never thought to sweep indiscriminately." *Id*. at 691. It also held that § 922(g)(8) was constitutional as applied to Rahimi because the restraining order to which he was subject included a finding that he posed "a credible threat to the physical safety" of another, and the government provided "ample evidence" that the Second Amendment permitted "the disarmament of individuals who pose a credible threat to the physical safety of others." *Id*. at 693–701. The Court added that the restriction imposed on Rahimi's rights by § 922(g)(8) was temporary because it applied only while he was subject to a restraining order. *Id*. at 699.

In light of *Rahimi*, the Supreme Court remanded *Dubois* for further proceedings. 145 S. Ct. 1041. After supplemental briefing, we affirmed Dubois's convictions on remand and reinstated *Dubois I*. *Dubois II*, 2025 WL 1553843, at *1, *5–6. We explained that *Bruen* did not abrogate *Rozier* because *Bruen* was consistent with *Heller*, which was the precedent *Rozier* relied on to reach the conclusion that § 922(g)(1) was constitutional. *Id*. at *5. We next concluded that "*Rahimi* also did not abrogate *Rozier*," and, in fact, *Rahimi* "reinforced—[rather than] undermined—*Rozier*" because

the Supreme Court explicitly endorsed the language in *Heller* that we relied on in *Rozier*. *Id.*

Under the prior panel precedent rule, we are bound to follow prior binding precedent until it is overruled by the Supreme Court or this Court sitting *en banc*. *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016).

We are bound to apply *Dubois II*, which concluded that *Rahimi*, like *Bruen*, did not overrule or abrogate our decision in *Rozier*.[4]  *Dubois II*, 2025 WL 1553843, at *5–6. In turn, we are also bound to apply *Rozier*.  *Id.*  *Rozier* forecloses Pierre's Second Amendment challenge because Pierre, "by virtue of his felony conviction, falls within such a class" of people permissibly restricted from possessing firearms.  *Rozier*, 598 F.3d at 771.  We thus cannot

---

[4] Other circuits have reached different results on whether challenges to § 922(g)(1) are foreclosed because of pre-*Bruen* caselaw.  *See, e.g.*, *United States v. Diaz*, 116 F.4th 458, 465 (5th Cir. 2024) ("*Bruen* constitutes . . . a change [in law that] render[s] our prior precedent obsolete." (internal citation and quotation omitted)), *petition for cert. filed* (No. 24-6625) (Feb. 2025); *Range v. Att'y Gen*, 69 F.4th 96, 106 (3d Cir. 2023) (*en banc*) ("[T]he Government's contention that *Bruen* does not meaningfully affect this Court's precedent, is mistaken . . . ." (internal citation and quotation omitted)), *vacated sub nom. Garland v. Range*, 144 S. Ct. 2706 (2024) (mem.), *opinion reached on remand at Range v. Att'y Gen.*, 124 F.4th 218 (3d Cir. 2024) (*en banc*).  Ultimately, it is the binding precedent of this Court and the Supreme Court which binds us, not the precedent of other circuits.  We held in *Rozier* that § 922(g)(1) is constitutional in all applications and the Supreme Court has not abrogated that precedent, *Dubois II*, 2025 WL 1553843, at *4–5, so we must apply it, *see Walker v. Mortham*, 158 F.3d 1177, 1188 (11th Cir. 1998) ("[A] decision of a prior panel *cannot be overturned by a later panel*." (emphasis added)).

entertain Pierre's request for an individualized determination of whether he should possess that right.

At bottom, "[w]e require clearer instruction from the Supreme Court before we may reconsider the constitutionality of section 922(g)(1)." *Dubois I*, 94 F.4th at 1293; *Dubois II*, 2025 WL 1553843, at *5. For these reasons, we affirm Pierre's conviction.

**AFFIRMED.**